# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Angelo Smith,

Plaintiff,

vs.

Kerri J. Maxey, *et al.*,

Defendants.

No. 2:25-cv-01309-GMN-MDC

**REPORT AND RECOMMENDATION TO DISMISS THIS CASE IF PLAINTIFF DOES NOT PAY THE FILING FEE**

**AND**

**ORDER DENYING MOTION TO FILE ELECTRONICALLY (ECF NO. 5)**

On August 28, 2025, the Court previously ordered the plaintiff to either file another in forma pauperis ("IFP") application on the Court's approved Long Form application or pay the filing fee by September 26, 2025 because his prior IFP application was incomplete. *ECF No. 9*; *see also ECF No. 1*. Plaintiff did not comply with that Order.[1] The Court therefore **RECOMMENDS** this case be dismissed if plaintiff does not pay the filing fee by **October 31, 2025**. The Court also **DENIES** plaintiff's *Motion to File Electronically* ("File Electronic Motion") (ECF No. 5) without prejudice. Plaintiff can refile the File Electronic Motion if he timely pays the filing fee.

## I.    THE COURT RECOMMENDS DISMISSING THIS CASE IF PLAINTIFF DOES NOT PAY THE FILING FEE

District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action

---

[1] Plaintiff filed a Notice of Constitutional Challenge ("Notice") on the same day the Court issued the Order denying his IFP application. The Court construes the Notice as an attempt to provide proof of service and to ask for relief that the Court does not consider because plaintiff has not properly proceeded IFP or paid the filing fee.

based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Finally, a court's warning to a party that the failure to obey the Court's order will result in dismissal satisfies the consideration of alternatives requirement. *Ferdik v. Bonzelet*, 963 F.2d, 1258, 1262 (9th Cir. 1992); *Malone*, 833 F.2d at 132-33; *Henderson,* 779 F.2d at 1424.

The Court's August 28, 2025, order (ECF No. 9) warned plaintiff that failure to timely comply with the Order may result in a recommendation that his case be dismissed. Plaintiff has failed to comply. The Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders. The only alternative is to enter another order setting another

deadline. But issuing another order will only delay the inevitable and further squander the court's finite resources. There is no prejudice to the plaintiff because he can object to my report and recommendation.

## II.    PLAINTIFF DID NOT PROPERLY FILE HIS FILE ELECTRONIC MOTION

Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Since plaintiff has not properly proceeded IFP or timely paid the filing fee, the Court denies plaintiff's request to file electronically without prejudice. Plaintiff may refile the File Electronic Motion if he properly pays the filing fee.

ACCORDINGLY,

1.    Plaintiff has until **October 31, 2025**, to pay the filing fee. If plaintiff does not timely pay the filing fee, the Court **RECOMMENDS** that this case be DISMISSED.

2.    Plaintiff's *Motion to File Electronically* (ECF No. 5) is **DENIED** without prejudice. Plaintiff may refile the motion if he timely pays the filing fee.

IT IS SO RECOMMENDED and ORDERED.

DATED: October 6, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**